UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. MARK COX, ) ) ) | |
| Petitioner, ) ) | 04 C 218 |
| v. ) ) | Honorable Charles R. Norgle |
| KEVIN WINTERS, Warden, Western Illinois Correctional Center, ) ) ) ) | |
| Respondent. ) | |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the court is Petitioner Mark Cox's Petition for Writ of Habeas Corpus - Person in State Custody. For the following reasons, the Petition is denied.

### I. BACKGROUND

A. Facts

Petitioner Mark Cox ("Cox") was arrested on January 3, 2000, by uniformed Chicago police officers in the vicinity of 3702 West Flournoy in Chicago. The officers had been conducting narcotics trafficking surveillance in that area, and observed several individuals walk up to Cox, engage in brief conversations, and hand Cox money. Cox would then point to William Miller ("Miller"), who was standing in the vicinity of a nearby stop sign. Miller would then pick up an item near the base of the stop sign and hand it to the individual. As officers approached Cox, he turned, walked away, and entered a nearby apartment building. An officer

1

found six packets of suspected heroin on the ground near the stop sign. Officer Sullivan called for assistance, and described Cox as a black, heavyset male, about five feet nine inches tall, wearing a white t-shirt and dark pants. Several minutes later, Cox exited the apartment building wearing a jacket. Sullivan identified Cox, and officers placed Cox under arrest. The officers recovered $463 from Cox.

## B. Procedural History

Cox moved the trial court, the Circuit Court of Cook County, to suppress evidence obtained during his arrest, and to quash the arrest. The trial court, however, held that the officers had reasonable articulable suspicion that Cox was involved in criminal activity, and probable cause to arrest Cox. Following a bench trial, Cox was convicted of possession of a controlled substance with intent to deliver, and was sentenced to three years in prison. Cox appealed, contending that the trial court erred in denying his motion to suppress evidence and quash arrest.

The appellate court reviewed de novo the trial court's denial of these motions, and affirmed. The appellate court stated:

> Officer Sullivan observed three transactions, in which [Cox] accepted money from an individual and then pointed to Miller, who picked up a small white item from the base of a stop sign and hand it to the individual. As Officer Sullivan approached [Cox], he walked into the apartment building. Officer Sullivan then recovered six packets of suspected heroin near the base of a stop sign. He then provided other officers with a description of [Cox] and the building that [Cox] had entered. Although the description was somewhat general, it did contain information about [Cox's] height, weight and clothing. Furthermore, [Cox] was arrested only minutes after the crime occurred, and he was found in the same building Officer Sullivan saw the offender enter. We find, based on the totality of these circumstances, the arresting officers had probable cause to believe that [Cox] was the individual who had committed the crime.

People v. Cox, slip op. at 6-7 (Ill. App. Ct. March 31, 2003).

2

Cox then filed a petition for leave to appeal to the Illinois Supreme Court. The Illinois Supreme Court denied this petition on October 7, 2003. Cox did not file a petition for collateral relief in the Illinois state court system.

Cox filed his Petition for federal habeas relief on January 13, 2004. This Petition is fully briefed and before the court.

## II. DISCUSSION

### A. Standard of Decision

Cox's Petition is governed by 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which sets a high hurdle for habeas relief. The statute states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court's decision is *contrary to* clearly established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [it]." Owens v. Frank, 394 F.3d 490, 496 (7th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 405 (2000)). A state court's decision is an *unreasonable application* of clearly established

Supreme Court law if the state court "identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular prisoner's case" or "if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Williams, 529 U.S. at 407; see also Owens, 394 F.3d at 496. In order for a state court decision to be considered "unreasonable" under this standard it must be more than incorrect, it must lie "well outside the boundaries of permissible differences of opinion." Hardaway v. Young, 302 F.3d 757, 762 (7th Cir. 2002); see also Schultz v. Page, 313 F.3d 1010, 1015 (7th Cir. 2002) ("The state court decision is reasonable if it is minimally consistent with the facts and circumstances of the case.").

Before reviewing the Illinois courts' decisions, however, the court must determine whether Cox fairly presented his federal claims to the state courts. Section 2254 requires a habeas petitioner to exhaust the remedies available in state court prior to pursuing federal habeas relief. See 28 U.S.C. § 2254(b)(1)(A). Any claim not presented to the state's highest court is deemed procedurally defaulted. See O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999) (indicating that "a petition for discretionary review in Illinois' Supreme Court is a normal, simple, and established part of the State's appellate review process").

**B. Cox's Claim for Federal Habeas Corpus Relief**

Despite the fact that Cox has not pursued collateral relief in state court, the government concedes that Cox has exhausted his state court remedies. Answer, ¶ 6. The government asserts, however, and the court agrees, that Cox has presented the court with a non-cognizable claim for habeas corpus relief.

4

Cox's sole assertion is that he "was arrested without probable cause in violation of his constitutional rights, Fourth Amendment to the United States Constitution." Statement of Facts and Memorandum of Law, at 2. Cox asserts that despite the arresting officer's identification of him on the night in question, based on a reasonably detailed description of his race, height, weight, and clothing, there was no probable cause to arrest him, or seize evidence from him. This claim, however, is not cognizable in this federal habeas petition.

The court notes that Cox was afforded the opportunity to litigate his Fourth Amendment claims before both the state trial court and the state appellate court. Both courts considered Cox's argument that his Fourth Amendment rights were violated during his arrest, and both courts concluded that the police officers had probable cause to detain, search, and arrest Cox. Cox may not bring his Fourth Amendment claims anew in this habeas petition. "'[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial.'" Cabrera v. Hinsley, 324 F.3d 527, 530 (7th Cir. 2003) (quoting Stone v. Powell, 428 U.S. 465, 494 (1976)); see also Hampton v. Wyant, 296 F.3d 560, 562 (7th Cir. 2002) ("It is therefore not possible to move from a conclusion that seizure of evidence violated the fourth amendment to a holding that a writ of habeas corpus must issue. The exclusionary rule is not enforced on collateral attack.").

### III. CONCLUSION

The State of Illinois provided Cox with a "full and fair" opportunity to litigate his Fourth Amendment claims at the both the trial and appellate court levels. Cox may therefore not attempt to relitigate his Fourth Amendment claims in a federal habeas petition. See Hampton,

5

296 F.3d at 562 ("And Stone v. Powell, 428 U.S. 465 (1976), holds that, although both state and federal courts must apply the exclusionary rule at trial and on direct appeal, it is inappropriate to use the exclusionary rule as the basis of collateral relief because it would not appreciably augment the deterrence of improper police conduct.").

For the foregoing reasons, Cox's Petition for Writ of Habeas Corpus - Person in State Custody is denied.

IT IS SO ORDERED

Enter:

*[signature]*

CHARLES RONALD NORGLE, Judge
United States District Court

Dated: July 14, 2006